Receipt #066245

ORIGINAL

UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR - 5 2007
U.S. COURT OF FEDERAL CLAIMS

------------------------------X

STOUT ROAD ASSOCIATES, INC. t/a HILTON PHILADELPHIA CITY AVENUE
4200 City Avenue
Philadelphia, PA 19131

Plaintiff,

v.

DEFENSE SUPPLY CENTER RICHMOND a/k/a DLA (Defense Logistics Agency) RICHMOND
8000 Jefferson Davis Highway
Richmond, VA 23297

Defendant.

------------------------------X

No. 07-145-C

**COMPLAINT**

Plaintiff Stout Road Associates, Inc. t/a Hilton Philadelphia City Avenue ("Hilton"), by its undersigned counsel, for its Complaint against Defendant Defense Supply Center Richmond a/k/a DLA (Defense Logistics Agency) Richmond ("DLA Richmond") alleges as follows:

**SUMMARY OF THE ACTION**

1. This is an action by a hotel for breach of contract with the Defendant DLA Richmond for a reservation of 181 room nights for a conference to be held from July 9, 2006 through July 12, 2006. The reservation was made by Donna Rutkowski, a Quality Assurance Product Specialist for DLA Richmond, who specifically represented to Hilton that she was

authorized to enter into the reservation. Indeed, Ms. Rukowski's correspondence was copied to her superiors at DLA Richmond, including her Branch Chief. It is certain that she did not simply act on her own to set up a departmental conference. Pursuant to the cancellation clause of the agreement, DLA Richmond agreed to pay in liquidated damages a cancellation fee of eighty percent (80%) of the anticipated gross revenue. Less than thirty (30) days prior to the conference, DLA Richmond cancelled the reservation. Accordingly, as Ms. Rutkowski had actual and/or actual implied authority to make the reservation, DLA Richmond is liable for the contractual cancellation fees, which it has wrongfully refused to pay.

## JURISDICTION

2. This Court has jurisdiction under the Contract Disputes Act, 41 U.S.C. §609(a)(1).

## THE PARTIES

3. Plaintiff, Stout Road Associates, Inc. t/a Hilton Philadelphia City Avenue ("Hilton") is a Pennsylvania corporation with a principal place of business at 4200 City Avenue, Philadelphia, PA 19131.

4. Defendant, DLA Richmond is an agency of the United States of America located at 8000 Jefferson Davis Highway, Richmond, VA 23297.

5. On or about April 25, 2006, after DLA Richmond inquired with respect to a conference it had scheduled in Philadelphia, DLA Richmond entered into a Letter of Agreement (the "Contract") with Hilton. Under the Contract, Hilton was to reserve a total of fifteen (15) rooms per night at a rate of $125.00 per room from July 9, 2006 through July 20, 2006, for a total of 180 room nights, or $22,500.00. A true and correct copy of the Contract is attached hereto and identified as Exhibit "A".

6. In accordance with the terms of the Contract, DLA Richmond committed to the reservation of the rooms and for the payment of the same.

7. In particular, the cancellation clause as set forth in the Contract provides that:

> The Group agrees that should it cancel this commitment the actual damages may be difficult to determine. The following schedule represents a reasonable effort on behalf of the Hotel to establish their actual damages to be paid by the Group for cancellation of this contract.
>
> . . .
>
> 2. Cancellation of this agreement less than one (1) year prior to the contracted event dates, the Group will be assessed eighty percent (80%) of the anticipated gross revenue derive d from sleeping rooms.

8. On June 14, 2006, DLA Richmond cancelled the room reservations scheduled for July 9, 2006 through July 21, 2006. Ms. Rutkowski's cancellation e-mal was copied to her superiors, of one whom is a DLA Richmond Branch Chief. A copy of the cancellation is attached hereto as Exhibit "B".

9. Pursuant to the terms of the contract, this cancellation entitled Hilton to the damages as set forth on the Contract and all incidental and consequential damages including reasonable legal fees, profits and costs, as further set forth in the "Indemnification and Hold Harmless" clause set forth in the Contract.

10. In accordance with the Contract and the confirmed arrangements between Hilton and DLA Richmond, the following sums are due and owing:

| | |
|---|---|
| Guest Rooms: | $22,500.00 |
| (15 rooms at $125.00 per night for 12 nights) | |
| State and Local Tax (15%) | |
| Attorneys' fees and costs | |
| Cancellation allowance (20%) | 4,500.00 |
| Total Amount Due and Owing | $18,000.00 |

11. Hilton made demand upon DLA Richmond for payment of the aforementioned sum due and owing which DLA Richmond has wrongfully and without justification refused to pay in breach of the Contract.

12. DLA Richmond informed Hilton's counsel that it was "speaking with all of the activity personnel that either had a hand or may have had a hand in the matter," and claimed that it wanted information on possible mitigation by Hilton (Exhibit "C" hereto).

13. However, after Hilton responded that the cancellation provision was an enforceable liquidated damage clause and that mitigation was not an issue, DLA Richmond ceased communicating with Hilton and refused to consider the claim.

14. In order to obtain monies owed to Hilton from DLA Richmond, Hilton has been required to engage counsel and incur attorney's fees and costs, all of which is recoverable pursuant to the terms of the Contract.

15. On or about November 8, 2006, Hilton filed a formal claim pursuant to 41 U.S.C. §605(a) with the contracting officer for DLA Richmond. A true and correct copy of the claim is attached hereto as Exhibit "D".

16. On or about November 28, 2006, DLA Richmond responded in a letter taking the position that Donna Rutkowski was not authorized to enter into a contract on behalf of DLA Richmond and accordingly, Hilton's claim would not be considered. No formal decision was made concerning the claim.

17. Despite a follow-up request asking for a formal determination, DLA Richmond's contracting officer issued a letter on December 13, 2006 and refused to issue a formal decision as to the claim.

18. More than thirty (30) days has passed since the claim was filed without a formal determination and accordingly, the claim is deemed to be denied. Jurisdiction therefore lies in this Court for the determination of the claim.

19. Donna Rutkowski had either express authority or implied actual authority to bind DLA Richmond with respect to the Contract. DLA has breached the Contract by refusing to pay the contractual liquidated damages after it cancelled the reservation.

WHEREFORE, Plaintiff Stout Road Associates, Inc. t/a Hilton Philadelphia City Avenue demands the entry of judgment in favor of Plaintiff and against Defendant, Defense Supply Center Richmond a/k/a DLA Richmond, in the amount of $18,~~0~~500, plus interest, attorneys fees and costs of suit.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date:

**BY:** ____________________________

Daniel S. Bernheim, 3d, Esquire
Jonathan J. Bart, Esquire

18. More than thirty (30) days has passed since the claim was filed without a formal determination and accordingly, the claim is deemed to be denied. Jurisdiction therefore lies in this Court for the determination of the claim.

19. Donna Rutkowski had either express authority or implied actual authority to bind DLA Richmond with respect to the Contract. DLA has breached the Contract by refusing to pay the contractual liquidated damages after it cancelled the reservation.

WHEREFORE, Plaintiff Stout Road Associates, Inc. t/a Hilton Philadelphia City Avenue demands the entry of judgment in favor of Plaintiff and against Defendant, Defense Supply Center Richmond a/k/a DLA Richmond, in the amount of $18,000, plus interest, attorneys fees and costs of suit.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date: February 28, 2007

**BY:** ______________________

Daniel S. Bernheim, 3d, Esquire
Jonathan J. Bart, Esquire

Two Penn Center, Suite 910
Philadelphia, PA 19102
Telephone: 215-569-0000
Facsimile: 215-636-3999
e-mail: jbart@wilentz.com

# EXHIBIT
# "A"

# Hilton
## Philadelphia City Avenue

4200 CITY AVENUE • PHILADELPHIA, PA 19131 • 215-879-4000 PHONE • 215-879-9020 FAX

*A satisfied customer is our goal. Admittedly, we believe that if you feel like we delivered the service and product we promised, it is likely you will return and you will tell others about your positive experience.*

**LETTER OF AGREEMENT BETWEEN HILTON PHILADELPHIA CITY AVENUE AND DLA RICHMOND**

**Date Prepared:** 04/24/06
**Group Name:** DLA Richmond / DSCP
**Group Contact:** Donna Rutkowski
**Address:** 8000 Jefferson Davis Highway
Richmond, VA 23297
**Telephone:** 804-279-5349
**Arrival:** 07/09/2006
**Departure:** 07/21/2006

**DLA Richmond (Group)** and **Hilton Philadelphia City Avenue (Hotel)** agree as follows:

The Hotel agrees to hold the rooms listed below on a tentative basis until **05/04/2006.** If the Hotel and the Group do not have a full executed contract by this date, the Hotel will release the space for sale to the public.

**ROOM BLOCK**

| ROOM TYPE | RATE | 07/09/2006 | 07/10/2006 | 07/11/2006 | 07/12/2006 |
|---|---|---|---|---|---|
| | | Sunday | Monday | Tuesday | Wednesday |
| Run of House | $125.00 | 15 | 15 | 15 | 15 |
| Total Rooms | | 15 | 15 | 15 | 15 |
| ROOM TYPE | RATE | 07/13/2006 | 07/14/2006 | 07/15/2006 | 07/16/2006 |
| | | Thursday | Friday | Saturday | Sunday |
| Run of House | $125.00 | 15 | 15 | 15 | 15 |
| Total Rooms | | 15 | 15 | 15 | 15 |
| ROOM TYPE | RATE | 07/17/2006 | 07/18/2006 | 07/19/2006 | 07/20/2006 |
| | | Monday | Tuesday | Wednesday | Thursday |
| Run of House | $125.00 | 15 | 15 | 15 | 15 |
| Total Rooms | | 15 | 15 | 15 | 15 |
| TOTAL ROOM NIGHTS RESERVED: 180 | | | | | |

**ROOM RATES:**
All rates are net, non-commissionable and are subject to state and local taxes currently assessed at 14%.

**ROOM RESERVATION PROCEDURE:**
ROOMING LIST The Hotel understands that room reservations will be made via a rooming list. The rooming list is due no later than 5pm EST on **06/18/2006**. The list should include the

name of the attendees, the arrival and departure dates, and if available, the times of arrival and departure. In the event the list is not received by the date established, the Hotel reserves the right to release all unreserved accommodations for the purpose of resell. Reservations received after these dates are subject to space availability and at prevailing room rates.

**RESERVATION GUARANTEE:**
INDIVIDUAL GUARANTEE All room reservations must be guaranteed for late arrival and secured with a major credit card or a deposit equal to the first night's room and tax. Failure to cancel a guaranteed reservation 48 hours prior to day of arrival will result in a charge of one night's room and tax applied to the credit card or forfeiture of the deposit.

**CUT-OFF DATE:**
The room block, as previously outlined, will be held until **06/18/2006** at which time all rooms not reserved will be released for general sale. Reservations received after this date will be accepted on a space and rate available basis. If the group rate is not available after this date, the prevailing rates will apply for any reservations confirmed.

**CHECK IN/CHECK OUT:**
The Hotel's check in time is after 3:00pm Eastern Standard Time, and check out is by 12:00pm Eastern Standard Time. Guests arriving prior to 3:00pm will be accommodated as rooms become available. The Front Desk can arrange to check baggage for those arriving early when rooms are not available.

**FOOD, BEVERAGE, AND MEETING SPACE:**
At this time, the Hotel is not holding any function space for your Group.

**TERMS & CONDITIONS:**
The following Terms and Conditions, attached Schedule of Events and any addendum apply. By signing this contract, the Group agrees to these terms.

**CANCELLATION CLAUSE:**
The Group agrees that should it cancel this commitment the actual damages may be difficult to determine. The following schedule represents a reasonable effort on behalf of the Hotel to establish their actual damages to be paid by the Group for cancellation of this contract.

1. Cancellation of this agreement from date of signing contract up to one (1) year of the contracted event dates, the Group will be assessed forty percent (40%) of the anticipated gross revenue derived from sleeping rooms.

2. Cancellation of this agreement less than one (1) year prior to the contracted event dates, the Group will be assessed eighty percent (80%) of the anticipated gross revenue derived from sleeping rooms.

**ATTRITION CLAUSE:**
Under the terms of this agreement, and in accordance with the information the Group has provided, the Hotel has taken out of its inventory the sleeping room block as outlined herein.

The revenues the Hotel expects to realize under this agreement are based upon full usage of Group's sleeping room block at rates established herein. Should the Hotel not realize these minimums, the parties agree it may be difficult to determine the Hotel's actual loss. Accordingly, the parties agree that the following attrition scale will apply, that it represents a reasonable effort on behalf of the Hotel to establish its loss prospectively and that it shall represent liquidated damages.

For the purpose of attrition and cancellation, the anticipated room revenue is assessed at **$22,500.**

| Percentage of Total Anticipated Room Revenue from Group | | | Percentage of Total Anticipated Room Revenue due to the Hotel |
|---|---|---|---|
| 80% | to | 100% | 0% |
| 60% | to | 79% | 20% |
| 40% | to | 59% | 40% |
| 20% | to | 39% | 60% |

**TERMINATION CLAUSE:**
This Contract is subject to termination for cause without liability to the terminating party under any of the following conditions:

1. The party's performance under this contract is subject to acts of God, terrorism as it relates to travel restrictions, war as it relates to travel restrictions, quarantine restrictions, government regulation, civil disorder, disaster, strikes, or any other emergency beyond the party's control, making it illegal or which materially affects a party's ability to perform its obligations under this contract. Either party may terminate this contract for any one or more of such reasons upon written notice to the other party within three (3) days of such occurrence or receipt of notice of any of the above occurrences.

2. In the event that either party shall make a voluntary or involuntary assignment for the benefit of creditors or enter into bankruptcy proceedings, become insolvent or subject to foreclosure, or take any other action for the benefit of creditors or relief of debtors prior to the date of the Group's meeting, the other party shall have the right to cancel this contract without liability upon written notice to the other.

**INDEMNIFICATION AND HOLD HARMLESS:**
The Hotel and the Group each agree to defend, indemnify, and hold harmless the other party's owner, and their respective employees and against from and against all claims, actions or causes of action, liabilities, including attorneys' fees and costs arising from the defense of any claim, action, cause of action or liabilities arising out of or resulting from any act taken or committed by the Hotel or the Group pursuant to the performance of each party's obligations hereunder. The Hotel and the Group each agree to defend, indemnify and hold harmless the other party of any claim, action, cause of action and liabilities which may be asserted by third parties arising out of the performance of either party's obligations to this contract, except for the willful misconduct or gross negligence of the other party.

**AMERICANS WITH DISABILITIES:**
The Hotel represents and the Group acknowledges that in accordance with the compliance dates established or required under Title III of the Americans with Disabilities Act and the regulations promulgated thereunder ("ADA"), the Hotel facilities being used by the Group under this agreement, its guest rooms and common areas will be in compliance with the public accommodation requirements of the ADA.

The Group agrees it will furnish to the Hotel a list of any auxiliary aids needed in any meeting rooms or function space by its attendees. Should such auxiliary aids be required, the Group shall pay all charges associated with the acquisition, rental or provision of such aids.

**SIGNATURE:**

This contract constitutes a binding agreement between both parties and may not be amended or changed unless done so in writing and signed by the Hotel and Group. In the event an addendum is attached and there are any contradictions or duplications in terms, this original document will prevail. Oral modifications to this written contract, even if allowed by law, will not be considered binding.

The undersigned represent that they are authorized to sign and enter into this contract.

Group Authorized Representative

Donna Rutkowski
Quality Tech
DLA Richmond

4/25/06
Date

Hotel Authorized Representative

Jaret Lyons
Director of Sales & Marketing
Hilton Philadelphia City Avenue

4/25/06.
Date

# EXHIBIT
# "B"

**Jaret Lyons**

---

**From:** Rutkowski, Donna M (DSCR) [Donna.Rutkowski@dla.mil]
**Sent:** Wednesday, June 14, 2006 8:33 AM
**To:** Jaret Lyons
**Cc:** De Los Santos, Lilibeth B (DSCR); Herpel, Rowland R (DSCR)
**Subject:** Reservation for July 9 - 21, 2006

Good Morning Jaret,

The room reservations for DLA Richmond/DSCP for 15 for July 9 – 21, 2006 need to be cancel at this time. I'd appreciated your time and effort for setting and saving these rooms for us. I hope in the future, we may do business with you again.

Donna M. Rutkowski
Quality Assurance Product Specialist
Defense Supply Center Richmond (DSCR)
Defense Logistics Agency (DLA)
☎ Ph# : 804-279-4902 DSN: 695-4902
FAX: 804.279.5046
Email: donna.rutkowski@dla.mil

# EXHIBIT
# "C"

## Daniel Bernheim

**From:** Daniel Bernheim [DBernheim@sbvlaw.com]
**Sent:** Thursday, August 31, 2006 5:49 PM
**To:** 'Wharton, Niketa (DSCR)'
**Subject:** RE: Hilton Philadelphia City Avenue

Mr. Wharton
I have tried to return your phone call on 3 ocassions but unfortunately you were unavailable. I remain willing to discuss the matter with you but wish to make sure that you understand absent full payment, the Hitlon will proceed to file a claim. Respectfully, it appears from your questioning that you have not had the opportunity to review the contract. The Hilton is entitled to agreed liquidated damages since it is virtually impossible to mitigate damages once an engagement is broken. These tyoe of arrangements are standard in the industry. Recognizing that you are from Virginia you may not be aware that the Hilton Philadelphia is one of the areas premier Hotels. If there is the slightest chance of filling a vacany, it will happen virtually automatically. Thus, the information you request is of no moment. I seek not to sound impertinent or dogmatic but I am merely interested in when your client intends to tender payment. You may respond by e-mail or telephone as you wish.

Daniel S. Bernheim, 3d
SILVERMAN BERNHEIM & VOGEL, P.C.
2 Penn Center Plaza, Suite 910
Philadelphia, PA 19102
(215) 636-4468
(215) 636-3999 (fax)

-----Original Message-----
**From:** Wharton, Niketa (DSCR) [mailto:Niketa.Wharton@dla.mil]
**Sent:** Wednesday, August 30, 2006 9:25 AM
**To:** dbernheim@sbvlaw.com
**Subject:** Hilton Philadelphia City Avenue

Dear Mr. Bernheim:

I am communicating to inform you that I am the DSCR legal representative handling the hotel reservation cancellation with the Hilton. We have been unable to speak to one another over the phone so I thought it best to communicate via email.

I am in the process of speaking with all of the activity personnel that either had a hand or may have had a hand in this matter and following established agency guidelines. I would appreciate it if you could provide me with any documentation from the Hilton that shows their attempts to mitigate the damages in this matter. I suppose that could be established by vacancy rate records for the month of July over the last couple of years.

Please feel free to email or fax any pertinent information that would help address the mitigation issue. Thank you.

Nik Wharton
Assistant Counsel, Contracts
Defense Supply Center Richmond
8000 Jefferson Davis Highway
Richmond, Virginia 23297
Phone: (804) 279-1424

DSN: 695-1424
Fax: (804) 279-4137
niketa.wharton@dla.mil

# EXHIBIT "D"

SILVERMAN BERNHEIM & VOGEL

*Attorneys at Law*

JONATHAN J. BART
DIRECT DIAL: (215) 636-4466
e-mail: jbart@sbvlaw.com

OF COUNSEL
JONATHAN A. SAIDEL
MARY B. STEIN

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
P: 215.569.0000
F: 215.636.3999

Sentry Office Plaza
216 Haddon Avenue
Suite 602
Westmont, NJ 08108
P: 856.858.9499
F: 856.858.4606

One Oxford Centre
Suite 4300
Pittsburgh, PA 15219
P: 412.255.3767
F: 412.255.3701

www.sbvlaw.com

November 8, 2006

***VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED***

Contracting Officer
Defense Supply Center Richmond
8000 Jefferson Davis Highway
Richmond, VA 23297

**Re: Letter of Agreement Between Hilton Philadelphia City Avenue and DLA Richmond Dated April 24, 2006**

Dear Sir/Madam:

This office represents Hilton Philadelphia City Avenue. I write pursuant to 41 U.S.C. §605(a) with respect to a claim by Hilton against DLA Richmond/DSCP with respect to the latter's breach of a Letter of Agreement dated April 25, 2006 (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit "A".

Pursuant to the Agreement, DLA Richmond reserved 181 room nights for a conference to be held from July 9, 2006 through July 12, 2006. Pursuant to the cancellation clause of the agreement, DLA Richmond was to be assessed 80% of the anticipated gross revenue should the agreement be cancelled less than one year prior to the date of the conference. Since the anticipated gross revenue for the blocked out reservation dates was $22,500, the Agreement provided that Hilton should be paid $18,000 in the event of cancellation. Pursuant to e-mail correspondence from Donna M. Rutkowski dated June 14, 2006, the Agreement was terminated and the reservations cancelled. A copy of Ms. Rutkowski's cancellation letter is attached hereto as Exhibit "B". Pursuant to the Agreement, DLA Richmond/DSCP is liable to Hilton in the amount of $18,000 plus interest from June 14, 2006.

While DLA Richmond's associate counsel, Linwood I. Rogers has asserted that Ms. Rutkowski does not have authority to bind the U.S. Government, she represented herself in the Agreement as a "Group Authorized Representative" and assured Hilton that she had the necessary authority from DLA Richmond to bind it to the terms of the signed contract. We respectfully submit that the conclusory assertion that MS. Rutkowski lacked authority to enter into the agreement will be belied by the

actual facts when you discuss the matter with Ms. Rutkowski and her superiors at DLA Richmond. Certainly, DLA Richmond would have had the right to insist on Hilton honoring the contract had the situation been reversed.

Pursuant to 41 U.S.C. §605, demand is hereby made that a contracting officer for DLA Richmond/DSCP issue a decision on this claim within the statutory period and that you provide prompt notice to the undersigned of the decision.

I thank you for your prompt and anticipated cooperation with this claim.

Very truly yours,

SILVERMAN BERNHEIM & VOGEL

BY: ______________________
JONATHAN J. BART

JJB/jam
Enclosures

bcc: Daniel S. Bernheim, 3d, Esquire