IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOUT ROAD ASSOCIATES, INC, t/a HILTON PHILADELPHIA CITY AVENUE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-145C (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint for failure to state a claim upon which relief can be granted, or in the alternative, requests that the Court grant summary judgment in its favor pursuant to RCFC 56. In support of our motion, we rely upon plaintiff's pleadings, our brief, and attached exhibits.

**DEFENDANT'S BRIEF**

## I. Nature Of The Case

Plaintiff, Stout Road Associates, Inc., t/a Hilton Philadelphia City Avenue ("Stout Road"), filed a complaint in this Court on March 5, 2007. Plaintiff alleges that the Defense Supply Center, Richmond ("DSCR"), a field component of the Defense Logistics Agency ("DLA"), breached a contract for reservation of hotel rooms. Plaintiff demands $18,000, plus interest, attorneys fees and costs of suit.

## II. Statement Of The Facts

Stout Road is a Pennsylvania corporation with a principal place of business in Philadelphia, PA. Compl. ¶ 3. On April 26, 2006, DSCR employee Donna Rutkowski entered

into a letter of agreement with Stout Road for reservation of fifteen rooms for July 9-20, 2006, at a rate of $125.00 per room per night, for at total of $22,500. Compl. ¶¶ 1, 5. The letter contained a cancellation clause that provided that:

> Cancellation of this agreement less than one (1) year prior to the contracted event dates, the Group will be assessed eighty percent (80%) of the anticipated gross revenue derived from sleeping rooms.

Compl. ¶ 7. On June 14, 2006, Ms. Rutkowski sent an e-mail to Stout Road cancelling the room reservations. Compl. ¶ 8. Plaintiff responded that DSCR owed it $18,000 (80% of $22,500) as well as attorneys fees, interest and other costs. Compl. ¶¶ 10, 14.

Plaintiff's complaint alleges that Ms. Rutkowski is a Quality Assurance Product Specialist for DSCR. Compl. ¶ 1. It alleges that she specifically represented that she was authorized to enter into the reservation, and that she had actual or actual implied authority to do so. Id. It further alleges that Ms. Rutkowski's supervisors were aware that she entered into the contract. Id.

Ms. Rutkowski is actually a Quality Assurance Specialist intern in DLA's Entry-Level Intern Program, stationed at DSCR. Rutkowski Dec. ¶ 1 & Att. 1.[1] She does not have authority to enter into contract on behalf of the Government. Rutkowski Dec. ¶ 3 & Att. 1. Warranted contracting officials are the only officials at DSCR authorized to bind the Government. Hill Decl. ¶¶ 3-5 & att. 1. DSCR employs Quality Assurance (QA) Specialists, who generally help ensure the parts purchased by DSCR meet applicable quality, testing and technical standards,

---

[1] "Decl. ¶ __" refers to a paragraph of a declaration. "Att." refers to an attachment to that declaration. The declaration of Donna Rutkowski is attached hereto as Exhibit A. The declaration of Lilibeth B. Santos is attached hereto as Exhibit B. The declaration of Rowland R. Herpel is attached hereto as Exhibit C. The declaration of Tanya F. Hill is attached hereto as Exhibit D.

Herpel Decl. ¶ 2. & att. 1; de los Santos Decl. ¶ 2 & att.1; Rutkowski Decl. ¶ 2 & att. 1, but are not authorized to enter into contracts on behalf of DSCR or DLA. Hill Decl. ¶¶ 3, 6; Herpel Decl. ¶ 3; de los Santos Decl. ¶ 3; Rutkowski Decl. ¶ 3. Ms. Rutkowski's supervisors, Mr. Herpel and Ms. De los Santos are QA Specialists. Herpel Decl. ¶¶ 1-3; de los Santos Decl. ¶¶ 1-3. They are not contracting officials and do not possess warrants that would authorize them to bind the government. Hill Decl. ¶ 6; see also Herpel Decl. ¶ 3; de los Santos Decl. ¶ 3; Rutkowski Decl ¶ 3.[2]

On November 8, 2006, plaintiff filed a formal claim with the contracting officer at DSCR. Compl. ¶ 15. On November 28, 2006, the contracting officer responded that Stout Road's claim would not be considered because Ms. Rutkowski was not authorized to enter into contract on behalf of DSCR. Compl. ¶ 16. On December 13, 2006, DSCR's counsel issued a letter refusing to issue a formal decision to the claim. Compl. ¶ 17. Because more than thirty days had passed since the claim was filed without formal determination, plaintiff determined that the claim was deemed to be denied, and filed this action. Compl. ¶ 18.

## ARGUMENT

### I. The Complaint Should Be Dismissed Because Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted

Plaintiff's complaint should be dismissed because it fails to state a claim upon which relief can be granted. Specifically, it fails to sufficiently allege that Ms. Rutkowski had authority to bind the United States in contract.

---

[2] Plaintiff's complaint does not reflect these facts. In fact, other than the bare assertion that Ms. Rutkowski had express or implied authority to make this contract, see Compl. ¶¶ 1,19, plaintiff's complaint does not allege any specific facts showing that Ms. Rutkowski had actual authority to bind the United States in contract.

It is axiomatic that "[a] well pleaded allegation of an express, or implied-in-fact, contract necessarily includes allegations going to each of the requisite elements of a contract" and that "[t]he requirements for a binding contract are identical for both express and implied contracts." De Archibold v. United States, 57 Fed. Cl. 29, 32 (2003) (quoting McAfee v. United States, 46 Fed. Cl. 428, 432 (2000), and citing Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997)). Accordingly, to survive a 12(b)(6) motion to dismiss, plaintiffs must allege "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States." Id. at 32 (quoting Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir. 1997)).

The Supreme Court recently clarified the standard for deciding a motion to dismiss pursuant to FRCP 12(b)(6) in Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, (2007), stating that "a wholly conclusory statement of claim would [not] survive a motion to dismiss" simply "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." The Court clarified the former standard stated in Conley v. Gibson, 355 U.S. 41 (1957), concluding that Conley stands only for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1968-69. In particular, the Court in Twombly stated that "[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possesses enough heft to 'sho[w] that the pleader is entitled to relief.'" 127 S. Ct. at 1966. In short, the fatal defect was "not that the allegations in the

complaint were insufficiently 'particular[ized],'" but rather "the complaint warranted dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible." Id. at 1973 n.14 (discussing Fed. R. Civ. Proc. 9).

This Court has applied a standard that is consistent with the standard applied in Twombley in McAfee v. United States, 46 Fed. Cl. 428 (2000). In McAfee, plaintiffs alleged they had contracted orally with the United States to provide negotiation services in a settlement between the United States and their father. Id. at 430. The Government filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Id. The Court found that it had subject matter jurisdiction, id. at 433-34, but agreed that plaintiffs had failed to state a claim upon which relief could be granted. Id. at 435-438. Specifically, the Court held that plaintiffs had not shown that the government agent they contracted with possessed authority to bind the United States. Id. The Court stated that "the burden falls on plaintiffs to allege facts sufficient to show that . . . [a] government agent [with] which plaintiffs had contact, had actual authority, either express or implied, to bind the United States in contract." 46 Fed. Cl. at 435. Indeed, in that case, the Court held that such allegations are insufficient and conclusory where "plaintiffs do not identify any individuals or the source of their authority" and that such "[c]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Id. at 437. It stated that "[a] government agent possesses express actual authority to bind the Government in contract only when the Constitution, a statute, or regulation grants it to that agent in unambiguous terms," id. at 435 (citing Garza v. United States, 34 Fed. Cl. 1, 17 (1995)), and found that none of the statutes and regulations cited by plaintiffs supported their argument that a Government official with whom

plaintiffs dealt had actual authority to bind the United States. Id.

The Court in McAfee also rejected plaintiffs' assertions that the officials they dealt with had implied authority to bind the United States, holding that "in order to withstand defendant's motion to dismiss, plaintiffs must assert facts showing that authority to [make the contract at issue] ... is necessary or essential to the successful performance of [the official]'s duties." Id. at 437. The Court found that plaintiffs had failed to assert such facts. Id. It held that:

> To establish a claim upon which relief can be granted, a plaintiff must allege the elements necessary to establish the existence of an express contract or an implied-in-fact contract. Plaintiffs cannot prove the existence of a contract when plaintiffs have not alleged facts showing authority for the contract was ever given. The fact that plaintiffs believed that [the government employee] had authority or obtained the USA's ratification is irrelevant; plaintiffs must assert facts that, if proven, show actual authority to contract in this matter.

Id. at 438. Because plaintiffs did not assert such facts, the defendant's motion to dismiss was granted.

In this case, plaintiff has not alleged the elements necessary to establish the existence of an express or implied-in-fact contract, because it has not alleged facts showing authority for the contract was ever given. Plaintiff baldly states that Ms. Rutkowski had actual and/or actual implied authority, Compl. ¶¶ 1, 19, but does not support these conclusions with any factual allegations. It does not cite a provision of the Constitution, statute, or regulation that grants Ms. Rutkowski the authority to bind the Government in contract,[3] and it does not assert facts showing that the authority to make this contract is necessary or essential to the performance of Ms. Rutkowski's duties. Because plaintiff's complaint does not assert these necessary facts, it should

---

[3] In fact, plaintiff cannot do so, as Ms. Rutkowski does not have authority to bind the government in contract. See part II of this motion.

be dismissed for failing to state a claim upon which relief can be granted.

## II. In The Alternative, Summary Judgment Should Issue Against Plaintiff Because Ms. Rutkowski And Her Supervisors Lacked Authority To Obligate the United States

Even if the Court finds that plaintiffs has met its burden and has stated a claim upon which relief can be granted, it should dispose of this matter on summary judgment pursuant to RCFC 56(b). With regard to summary judgment, "[t]he focus in determining whether summary judgment is appropriate is the lack of disputed material facts. A material fact has been defined as a fact that will make a difference in the outcome of a case." Curtis v. United States, 144 Ct. Cl. 194, 199, 168 F. Supp. 213, 216 (1958), cert. denied 361 U.S. 843 (1959). Stated differently, only disputes over facts that might affect the outcome of a suit will properly prevent an entry of judgment. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

Moreover, when the Government, in a motion for summary relief, puts forward facts to support a contention that the person the plaintiff claims entered a contract upon behalf of the Government lacked the authority to enter into such a contract, the opposing party must counter the contention with facts of its own in order to create a genuine dispute. H.F. Allen Orchards v. United States, 749 F.2d 1571, 1575 (Fed. Cir. 1984). The party asserting the existence of a contract with the United States bears the burden of establishing that the person upon whose alleged promise or representation the party relied had the requisite contracting authority. Heckler v. Community Health Serv. Of Crawford County, 467 U.S. 51, 63 (1984). Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947)("Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority.")

It is clear that neither Ms. Rutkowski nor her supervisors had the authority to bind the United States to this contract. Under the Tucker Act, the Court of Federal Claims possesses jurisdiction to entertain claims of express or implied-in-fact contracts. In order to recover based upon a contract with the United States, a plaintiff must show mutuality of intent, consideration, and lack of ambiguity in offer and acceptance. Doe v. United States, 48 Fed. Cl. 495, 501 (2000) (citing Fincke v. United States, 230 Ct. Cl. 233, 675 F.2d 289, 295 (1982)). "In addition, plaintiff must show that the government agent whose conduct was relied upon had actual authority to bind the government in contract." Id. (citing City of El-Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990)). As the Supreme Court has stated,

> [A]nyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority.

Federal Crop Ins. Corp., 332 U.S. at 384.

In the instant case, Ms. Rutkowski signed the Letter of Agreement with plaintiffs. Only contracting officials at DSCR who have been issued warrants under the regulatory scheme have the authority to bind the government contractually. Hill Decl. ¶¶ 3-5 & att. 1. Ms. Rutkowski does not have a warrant and she therefore lacks the actual authority to bind the Government. Hill Decl. ¶ 3; Rutkowski Decl. ¶ 3.

Actual authority may be implied when such authority is considered to be an integral part of the duties assigned to a government employee. H. Landau & Co., 886 F.2d 322, 324 (Fed Cir. 1986) (citing J. Cibinic & R. Nash, Formation of Government Contracts 43 (1982); United States v. Bissett-Berman Corp., 481 F.2d 764, 768-69 (9th Cir.1973)). Ms. Rutkowski is a Quality

Assurance Specialist Intern. Rutkowski Decl. ¶ 1. As her position description relates, she provides support to contracting officers and engineers by reviewing data to develop and determine quality assurance provisions for individual items of supply; prepares and issues quality assurance letters of instruction for inspection activities; performs quality systems management; and evaluates quality assurance procedures, reports, inspecting and test methods for assigned items. See Rutkowski Decl. att. 1, p.1. The knowledge and duties required of her position differ substantially from those of a contracting official and her position does not require that she complete the education required to be a contracting official. Compare Rutkowski Decl. Att 1, p.2 with Hill Decl att.; 4 C.F.R. (Federal Acquisition Regulation, or "FAR") § 1.603-2; 4 C.F.R (Defense Federal Acquisition Regulation Supplement, or "DFARS") § 201.603-2; Defense Logistics Acquisition Directive ("DLAD") § 1.603-2. She works under close supervision, has very little contact with persons outside the Government, and those contacts are limited to exchanging information related to her QA assignments. Rutkowski Decl. Att. 1, pp. 2-4. Simply stated, contracting authority is not an integral part of the duties of Ms. Rutkowski's job. Thus, Ms. Rutkowski lacked implied actual authority.

Plaintiff asserts in Paragraph 1 of the Complaint that Ms. Rutkowski represented to Plaintiff that she was authorized to enter into the Letter of Agreement. Even where the government official "explicitly or implicitly misrepresent[s] his authority … plaintiff assume[s] 'the risk of accurately ascertaining the scope of authority of the government official with whom it is dealing'" Miles Farm Supply, Inc. v. United States, 14 Cl. Ct. 753, 756-57 (quoting Federal Crop Ins. Corp., 332 U.S. at 284-85) & p.756 n.8. Thus, even if Ms. Rutkowski represented to Plaintiff that she had authority to bind the Government, that misrepresentation is irrelevant

because she lacked actual authority.

Finally, Paragraphs 1 and 8 of the Complaint assert that Ms Rutkowski acted with the knowledge (and implicit consent) of her supervisors, Mr. Herpel and Ms. de los Santos. Actual authority may be implied where persons with actual authority are aware of a Government official's unauthorized actions and explicitly or implicitly ratify those actions. See, e.g., USA Petroleum Corp. v. United States, 821 F.2d 622 (Fed. Cir. 1987). In these cases, the ratifying officials must have possessed the actual authority to take the actions themselves. Id. at 623 (actual authority found since events showed knowledge by authorized staff); see also FAR § 1.602-3 (c)(1) (requiring, to ratify unauthorized commitments, that "the ratifying official has the authority to enter into a contractual commitment"). The complaint alleges that Mr. Herpel and Ms. De los Santos knew of and either directed or ratified Ms. Rutkowski's actions. However, neither Mr. Herpel nor Ms. de los Santos have the authority to bind the Government contractually. Hill Decl. ¶ 6; see also Herpel Decl. ¶ 3; de los Santos Decl. ¶ 3; Rutkowski Decl. ¶ 3. Thus, Mr Herpel's and Ms. de los Santos's knowledge and consent of Ms. Rutkowski's actions cannot ratify Ms Rutkowski's actions since these officials also lacked the authority to bind the government.

The foregoing facts are indisputable. Accordingly, the Government's motion for summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, defendant respectfully request that the Court dismiss Mr. Fuller's complaint or, alternatively, grant summary judgment in favor of the Government.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

June 7 , 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 7th day of June, 2007, a copy of "Defendant's Motion To Dismiss, Or In The Alternative, For Summary Judgment" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie Dunsmore
Carrie A. Dunsmore