**UNITED STATES COURT OF FEDERAL CLAIMS**

------------------------------X

| | | |
|---|---|---|
| STOUT ROAD ASSOCIATES, INC. t/a HILTON PHILADELPHIA CITY AVENUE<br>4200 City Avenue<br>Philadelphia, PA 19131 | : | |
| Plaintiff, | : | |
| v. | : | No. 07-145C<br>(Judge Wheeler) |
| DEFENSE SUPPLY CENTER RICHMOND a/k/a DLA (Defense Logistics Agency) RICHMOND<br>8000 Jefferson Davis Highway<br>Richmond, VA 23297 | : | |
| Defendant. | : | |

------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff Stout Road Associates, Inc. t/a Hilton Philadelphia City Avenue ("Hilton"), by its undersigned counsel, respectfully submits this brief in opposition to the motion of Defendant Defense Supply Center Richmond a/k/a Defense Logistics Agency Richmond ("DLA Richmond") or "the Government") to dismiss, or in the alternative, for summary judgment.

## I. Preliminary Statement

In what clearly is an inappropriate presentation for a motion to dismiss, DLA Richmond has submitted a wholly factually based argument which, at this stage prior to discovery, Hilton has no ability to dispute with an equivalent factual response. This is a simple case, in which an

employee of DLA Richmond, Donna Rutkowski, signed a contract with Hilton to reserve 180 hotel rooms, days for a series of three day meetings to be held in Philadelphia. In the Government's factual defense, that threshold fact is not disputed. Rather, the Government's argument is that neither Ms. Rutkowski nor any of her direct superiors had authority to bind the government. Interestingly, the Government attaches to its motion three affidavits, clearly drafted by attorneys, in which the entire chain of authority at DLA Richmond admits that it scheduled a training meeting in Philadelphia, booked hotel rooms at Hilton and cancelled the reservation two months later, shortly prior to the scheduled meetings. See, Exhibit "A", "B" and "C" to Defendant's motion. It is only when Hilton asserted its right to cancellation fees that suddenly none of these DLA Richmond employees had authority to enter into this contract. Where is the testimony from these employees about their communications with the contracting officer (Exhibit "D" to motion) when this reservation was first made? These affidavits are scripted and self-serving - - they paint a picture of having made knowing misrepresentations to parties doing business with the Government in order to escape clear liability.

As discussed below, the doctrines of implied actual authority and ratification provide that if **either** Government employees or agents with actual authority to bind the Government placed that authority in Ms. Rutkowski **or** that they acquiesced in her assertion of that authority, the Government is bound to the contracts signed by that employee. Accordingly, what Hilton must do is ask the Government to "get real" for a moment. What are the chances that Donna Rutkowski simply decided that "Today is a good day for me to go out and reserve 180 room nights in order to set up three 3 day meetings for dozens of personnel at a significant cost?" Obviously, the absurdity of that question is readily apparent. However, Hilton will concede that if no one with actual authority on behalf of the Government scheduled the DLA meetings in

Philadelphia and assigned to Ms. Rutkowski the task of reserving hotel rooms for those meetings, knew of her activities or acquiesced in her conduct, then the Government has the right to judgment in its favor (**not** dismissal) of the instant claim.

However, any such analysis is wholly dependent on a proper opportunity for discovery, in particular the e-mails and interoffice memoranda which almost certainly reflected the "chain of command" by which the Philadelphia Conference was scheduled. As is implicitedly recognized by the Government, this is not a proper 12(b)(6) motion in that the motion relies on matters beyond the complaint, including affidavits and other materials extrinsic to the complaint. Thus, summary judgment may only be granted after Hilton has a full opportunity to take discovery and present a response. Since the relevant communications between the DLA hierarchy is wholly within the knowledge of the Government, summary judgment would be improper and a violation of due process if granted prior to a full and complete opportunity for Hilton to take discovery. The instant motion is nothing more than a self-serving attempt to present lawyer-drafted affidavits and materials before Hilton has a chance or ability to respond. Indeed, "implied actual authority" cases rarely are appropriate even for summary judgment since the credibility of the witnesses will necessarily be challenged to the extent that the Government's witnesses will maintain that Donna Rutkowski simply acted on her own as a "lone wolf." Rest assured that if Hilton had failed to honor the reservation (had it not been cancelled), the Government would be giving us a very different argument than that which is presented to the Court in this motion. Indeed, the Government, in effect, is accusing its own employee of fraud. While it is one thing to state that an employee responsible for dealing with contractors exceeded his or her authority, it is completely another thing to state that an employee, knowing of her lack of authority, purported to bind the Government to a major function in an out-of-town hotel. If

the Government's case is to be believed, Donna Rutkowski (and her superiors who are known to have had knowledge of her activities) knowingly misrepresented her authority to bind the Government to the contract with Hilton. It is only fair to require the Government to present Ms. Rutkowski to testify under oath as to whether she committed such a fraud. This motion to dismiss plainly is improper as it is dependent on facts outside the record. As a summary judgment motion, not only is discovery required, but the theory presented is so highly improbable as to not warrant serious consideration. The motion should be swiftly denied and the parties ordered to proceed to discovery.

## II. Standards For This Motion

Under Rule 12(b)(6) of the Rules of the Court of Federal Claims, in ruling on a motion to dismiss, the court is "obligated to assume all factual allegations in the complaint to be true and to draw all reasonable inferences in the plaintiff's favor." American Airlines, Inc. v. United States, 68 Fed. CL. 723, 728-29 (CFC 2005), citing, Henke v. United States, 60 F.3d 795-797 (Fed.Ser. 1995) and Sommers Oil Company v. United States, 241 F.3d 1375, 1378 (Fed. Ser. 2001). As the Federal Circuit stated in Sommers Oil:

> When reviewing a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) . . . [the court] must accept as true all the factual allegations in the complaint, and . . . indulge all reasonable inferences in favor of the non-movant.

Id. at 1378.

Dismissal for failure to state a claim under Rule 12(b)(6) is proper only when a plaintiff can "prove no set of facts in support of his claim which would entitle him to relief." Adams v. United States, 391 F.3d 1212, 1218 (Fed. Ser. 2004); Leider v. United States, 301 F.3d 1290, 1295 (Fed. Ser. 2002).

Summary judgment is appropriate "only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." American Pelagic Fishing Company v. United States, 379 F.3d 1363, 1370-71 (Fed. Ser. 2004); citing, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Where a summary judgment motion is offered as an alternative to a Rule 12(b)(6) motion, this requires "a foray into the record . . . with an attendant obligation to allow the parties reasonable discovery on the merits." Shehadeh v. Chesapeake and Potomac Telephone Company of Maryland, 595 F.2d 711, 720 fn. 41 (D.C. Ser. 1978) (under Fed.R.C.P. 56). Also see, CFC Rule 12(b)(6).

It is immediately apparent that this is not a proper Rule 12(b)(6) motion, as not only are the facts alleged in the complaint contested, there is an effort to actual disprove them through the use of extraneous evidence. This requires conversion to Rule 56, which is premature given that all of the relevant evidence is in the hands of the Government and Hilton is in no position to disprove them until it has a reasonable opportunity to take discovery. Accordingly, the Rule 12(b)(6) motion should be denied and the Rule 56 motion denied without prejudice to refile after the completion of discovery.

**III. Plaintiff States Claims For Relief Against The Defendant For Breach Of Contract**

As noted above, a Rule 12(b)(6) dismissal is possible only where the plaintiff can be said to be unable to prove any set of facts at trial upon which it would be entitled to relief. The allegations of the Complaint must be accepted as true for the purposes of such a motion. In the Complaint (Exhibit "A" hereto) it is alleged that (1) Donna Rutkowski, the signatory for DLA Richmond on the contract with Hilton, specifically represented that she was authorized to enter into the reservation; (2) Ms. Rutkowski's correspondence was copied to her superiors at DLA Richmond, including her branch chief; and (3) that Donna Rutkowski had either express authority or implied actual authority by which to bind DLA Richmond with respect to the

contract. Complaint, ¶¶1, 8 and 19 and Exhibit "A" thereto. These allegations must be accepted as true for the purposes of this motion.

The Government attempts to "put the rabbit in the hat" by purporting to make a factual presentation that Donna Rutkowski and her immediate superiors are not authorized to bind the government for this contract. Of course, as DLA Richmond implicitedly recognizes by moving in the alternative for summary judgment, this kind of presentation is wholly inappropriate for the purposes of a Rule 12(b)(6) motion. Moreover, as further discussed below, the presentation made by the Government ignores the potential for recovery under the theories of implied actual authority or ratification by a person with express authority. Under the established law of federal claims, actual authority may be either expressed or implied. Anderson v. United States, 344 F.3d 1343, 1353 fn.3 (Fed. Cer. 2003). Where a governmental agent lacks express actual authority to bind the government in that authority to that agent is not provided under the Constitution, a statute or a regulation, implied actual authority of a government official can bind the government "when such authority is considered to be an integral part of the duties assigned to the government employee." SGS-92-X003 v. United States, 74 Fed. Cl. 637, 652 (Fed. Cl. 2006) (and cases cited therein). Contracting authority is integral to an employee's duties when the employee cannot performed his assigned tasks without such authority and where the relevant agency's regulations do not grant the authority to other agency employees. Id. Finally, even absent express or implied actual authority, a contract entered into by an agent of the Government may be ratified by governmental agents with actual express authority or implied actual authority where the agent's superiors (1) have possessed authority to contract; (2) have fully known the material facts surrounding the acts of the unauthorized agent of the subordinate; and (3)

#2915830 (148353.005)

knowingly confirmed, adopted or acquiesced to the unauthorized action of the subordinate. Id. at 653-64. (and cases cited therein).

In this case, the Complaint more than adequately supports an inference that Donna Rutkowski had either implied actual authority to enter into the contract with Hilton or that her superiors (not just the ones submitting affidavits) ratified her contract through full knowledge of her activities and acquiescence in those activities. Again, from the little Hilton has by way of evidence at this stage of the litigation, it is clear that DLA Richmond scheduled conferences with its counterparts in Philadelphia and that the hotel rooms were reserved in connection with that planned series of meetings. See, Declaration of Lilibeth B. DeLos Santos (Exhibit "B" to Motion) at ¶¶4-5 (in April, 2006, DLA Richmond had scheduled a 2 week training in Philadelphia for interns and that training was cancelled on June 14, 2006). Ms. Rutkowski was then told to cancel the reservations (Rutkowski affidavit - - Exhibit "A" at ¶7) and Ms. Rutkowski copied her superiors in e-mail correspondence relating to the cancellation of the reservation. Had Ms. Rutkowski been simply acting on her own, illogical as it may sound, she certainly would not have been copying her superiors on the cancellation of the reservation. The Government suggests that even the superiors copied on her e-mail correspondence lacked authority to bind the Government. While that factual assertion is improper on a Rule 12(b)(6) motion, it by no means forecloses the near certainty (in light of the scheduled intern conference) that there exists communications (either electronic or hard copy) which would support the likely circumstance that the conference in Philadelphia had been planned by DLA Richmond personnel with authority to bind the Government or that the decision to set up three 3 day meetings involving dozens of personnel was planned by the highest levels at DLA Richmond. Indeed, the affidavits submitted by the Government confirm that there had been a meeting scheduled in

Philadelphia on those dates. Only a proper opportunity for discovery and a presentation of the facts will permit this court to make the kind of decision requested by the Government in its motion. The motion under Rule 12(b)(6) is wholly improper and must be denied.

**IV. This Case Is Not Ripe For Summary Judgment**

The Government would like the Court to make its job easier by ruling on a summary judgment motion without discovery in a case where all of the facts (with the exception of the contractual documents which would appear to make the Government clearly liable) are in the hands of the defendant. Indeed, the Government would like this court to rule without even the benefit of an answer. It may well be that the Government cannot deny that DLA Richmond planned this meeting at the Hilton at the highest levels with authority pursuant to the requirements of Rule 11 of the Rules of the Court of Federal Claims. Nonetheless, as noted above, a conversion to summary judgment is improper unless the plaintiff has a full and complete opportunity to take discovery and respond to the motion. In this case, issues of implied actual authority and ratification must be the subject of discovery before a Rule 56 motion may be considered. Again, Hilton requests that the Court consider the likelihood that Donna Rutkowski and her immediate supervisors simply planned a series of three 3 day meetings involving dozens of hotel rooms, on their own. Moreover, what is the likelihood that if Ms. Rutkowski had been acting on her own that she would be copying her branch chief and other superiors at DLA Richmond when she cancelled the reservation? Those are issues which must be resolved on a factual basis after discovery before a Rule 56 summary judgment motion may be considered. Indeed, even after discovery, issues of implied actual authority and ratification rarely are susceptible to decision by way of summary judgment since credibility of the attesting defense witnesses will be of such importance. See, e.g., SGS-92-X003 v. United States, supra, 74 Fed.

Cl. at 652-53; Leonardo v. United States, 55 Fed.CL. 344, 348-49 (Ct. Fed. Cl. 2003).[1] Here, the Government's presentation does not even address the potential of ratification nor the issue of whether implied actual authority was filtered from the governmental agent with actual express authority to Donna Rutkowski. The mere fact that Ms. Rutkowski's superiors may not have had actual express authority themselves by no means forecloses the inquiry as to whether authority filtered down to Ms. Rutkowski through other officials who did possess such express authority. Significantly, the Government does not address any regulation which would specify the party with actual express authority to make hotel reservations on behalf of DLA Richmond. This is their burden. Even before addressing the issue of ratification, it may well be that Donna Rutkowski was regularly charged with the authority of making hotel reservations for DLA Richmond conferences. Discovery into whether Ms. Rutkowski regularly performed this function is necessary before determination of that issue. Only if she did not possess such authority does the court even need to get to the issue of ratification. However, all of the facts with respect to these questions is wholly in the hands of DLA Richmond and under the aforesighted precedent discovery is required from the Government on these issues before it is entitled to summary judgment.[2] Accordingly, the motion for summary judgment is seriously premature and cannot be considered at this stage.

[1] Leonardo also stands for the proposition that if the court makes the determination to convert a Rule 12(b)(6) motion to a Rule 56 motion, then the plaintiff pursuant to Rule 56(f) should be entitled to discovery on issues of authority and ratification. Id.

[2] Hilton would suggest that the Government would be much better served if it simply participated in discovery rather than file motions on a record which is incomplete, especially given the fact that the contract permits Hilton to recover its attorneys fees. Since this motion clearly cannot be decided until after discovery, the use of a delay strategy is illogical.

## V. Conclusion

For all the reasons set forth herein, the Rule 12(b)(6) motion must be denied and the alternative motion for summary judgment denied as premature.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date:

BY: /s/ Jonathan J. Bart, Esquire

Daniel S. Bernheim, 3d, Esquire
Jonathan J. Bart, Esquire
Attorneys for Plaintiff

Two Penn Center, Suite 910
Philadelphia, PA 19102
(215)569-0000
jbart@wilentz.com