IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOUT ROAD ASSOCIATES, INC, t/a HILTON PHILADELPHIA CITY AVENUE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-145C (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rule 7.2 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to plaintiff's "Response to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment." In our motion we argued that plaintiff's complaint should be dismissed pursuant to RCFC 12(b)(6) because it fails to sufficiently allege authority to enter into the contract at issue, or, in the alternative, that the Court dispose of the this matter on summary judgment pursuant to RCFC 56 because plaintiff bears the burden of proving authority to contract, and cannot do so in this case. Plaintiff, Stout Road Associates, Inc. ("Stout Road") argues that it does state a claim for relief, and that it requires discovery before it can respond to the Government's motion for summary judgment.

I. Plaintiff's Response Misstates The Standard of Law, and Fails to Sufficiently Plead Authority to Contract

Stout Road's response argues that the Government's motion to dismiss should be denied because plaintiff's complaint states a claim upon which relief may be granted. Specifically, Stout Road argues that dismissal for failure to state a claim pursuant to Rule 12(b)(6) is proper only when plaintiff "can prove no set of facts in support of his claim which would entitle him to

relief." (citing Adams v. United States, 391 F.3d 1211, 1218 (Fed. Cir. 2004)). Plaintiff argues that it has alleged sufficient facts to clear this hurdle. Because plaintiff misstates the appropriate standard of law, and fails to sufficiently plead authority to contract on behalf of the United States, the Court should find for the United States and dismiss Stout Road's complaint.

The Adams standard for a motion to dismiss pursuant RCFC 12(b)(6) that Stout Road relies upon in its response comes from Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See Adams, 391 F.3d at 1218. As discussed in our motion to dismiss, the Supreme Court recently expressly discussed and clarified the Conley standard in Bell Atlantic v. Twombley, -- U.S. --, 127 S. Ct. 1955,1964-1965 (2007). It held that "a wholly conclusory statement of claim would [not] survive a motion to dismiss" simply "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombley, 127 S. Ct. at 1968-1970.

In our motion we demonstrated that, based on Twombley and this Court's decision in McAfee v. United States, 46 Fed. Cl. 428 (2000), plaintiff's complaint did not state a claim upon which it was entitled to relief because it did not plead sufficient facts to show that either Ms. Rutkowski (the person who entered into the alleged contract) or her supervisors (through a theory of ratification), had authority to bind the Government in contract. Twombley and McAfee require plaintiff to cite in its complaint some provision of the Constitution, statute, or regulation that grants authority to bind the United States in contract in order to survive a motion to dismiss. Plaintiff's complaint does not cite any such provision.[1] Accordingly, as

[1] In fact, plaintiff's response does not address this argument, nor does it address Twombley in any way.

demonstrated in our motion, the Court should dismiss plaintiff's complaint for failing to state a claim upon which relief can be granted.

II. Plaintiff's Response To Defendant's Motion For Summary Judgement Is Improper Because It Does Not Comply With RCFC 56(f)

Plaintiff argues that summary judgment should be denied in this matter because it has not conducted discovery. Plaintiff disregards the requirements of RCFC 56(f). "A party may not simply assert that discovery is necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1389 (Fed. Cir. 1989), quoted in Brubaker Amusement Co. v. United States, 304 F.3d 1349, 1361 (Fed. Cir. 2002). Moreover, even when a non-movant files an RCFC 56(f) motion, it is unavailing for it to argue, "'[W]e have no factual basis for opposing summary judgment, but, if you stay proceedings, we might find something.'" Keebler, 866 F.2d at 1389.

In Pure Gold, Inc v. Syntex (U.S.A.), Inc., 739 F.2d 624, 625 (Fed. Cir. 1984), the appellant did not proffer an affidavit in opposition to appellee's motion for summary judgment. Instead, the appellant "merely assert[ed] that the pleadings and the motion itself raised genuine issues of material fact, and that it was entitled to discovery in order to develop relevant evidence." Id. In affirming the grant of summary judgment for the appellee, the Court of Appeals for the Federal Circuit held that a nonmoving party is required to identify, "usually in an affidavit by one with knowledge of the specific facts, what specific evidence could be offered at trial," and that "mere assertions of counsel" lacked the required specificity. Id. at 626-27. In this case Stout Road's response to our motion consists of argument, expressions of desire for discovery, and citations to its complaint. None of these can raise a genuine issue of fact. RCFC

56(c), (f), (h)(2); Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562-63 (Fed. Cir. 1987) ("The non-movant may not rest on its conclusory pleadings . . . .").

Without plaintiff's Rule 56(f) statement it is impossible to determine which, if any, of our stated facts plaintiff alleges are actually in dispute, making it difficult to respond to its opposition to our Motion for Summary Judgment. However, even if plaintiff had properly filed a RCFC 56(f) motion, discovery is not necessary in this case, because there can be no genuine issue of fact as to whether Ms. Rutkowski had authority to enter into contract with plaintiffs. Authority is a necessary element of a contract claim against the Government, and in order to be successful Stout Road "must show that the government agent whose conduct was relied upon had actual authority to bind the government in contract." Doe v. United States, 48 Fed. Cl. 495, 501 (2000) (citing City of El-Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990)). The Supreme Court has made clear that "anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority" even if "the agent himself may have been unaware of the limitations upon his authority." Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947).

In this case, as demonstrated in our motion for summary judgment and the affidavits and their attachments, Stout Road cannot show the requisite authority on the part of Ms. Rutkowski or her supervisors to enter into contract. The declaration of Tanya F. Hill, the Chief of Contract Review and Pricing Division at Defense Supply Center ("DSC") Richmond, and regulations accompanying that declaration, make it clear that the only people who can contract at DSC Richmond are warranted Contracting Officers. See Exhibit D to Defendant's Motion to Dismiss,

or in the Alternative for Summary Judgment ("Def. Mot."), particularly FAR 1.602, and Defense Federal Acquisition Regulation Supplement ("DFARS") 201.603-2. The qualifications to serve as a Contracting Officer at DSC Richmond are extremely stringent, DFARS 201.603-2, and the contracting function is closely monitored and supervised. See Defense Logistics Acquisition Direction ("DLAD") 1.601-90 at Exhibit D to Def. Mot. Ms. Rutkowski's affidavit and attached job description clearly show that, as an intern in the Quality Assurance division, Ms. Rutkowski was not warranted and did not have the training or qualifications to act as a Contracting Officer. Her job description also makes clear that contracting authority was not an integral part of her duties assigned such that authority to contract could be implied. Plaintiffs cannot dispute that Ms. Rutkowski lacked actual or actual implied authority to contract on behalf of the United States Government,

Nor can plaintiff dispute that Ms. Rutkowski's supervisors, Mr. Herpel and Ms. de los Santos, did not have authority to bind the Government contractually and thus could not possibly have ratified Ms. Rutkowski's actions. Their job descriptions make clear that contracting was not an integral part of their duties as Quality Assurance Specialists. See B, and C to Def. Mot. Furthermore, DSC Richmond strictly monitored the delegation of all authority to contract. The Defense Supply Center Acquisition Procedures, attached to Exhibit D, provide, at 1.601, a list of all delegations of authority for DSC Richmond. Nowhere in that list is any delegation of authority to a Quality Assurance intern, or to her supervisors to contract.

The facts are clear. Ms. Rutkowski could not, as a matter of law, bind the Government in contract. Plaintiff has not shown how discovery could refute these underlying facts, and it would be unnecessary and wasteful to allow plaintiff to tie up the resources of the Government and this

Court trying to dispute them.

Accordingly, to the extent Stout Road's claims are not dismissed, the Court should grant our motion for summary judgment.

## CONCLUSION

For the above reasons, and as more fully stated in defendant's motion to dismiss, we respectfully request that the Court dismiss plaintiffs' complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624
Attorneys for Defendant

July 20, 2007

Certificate of Filing

I hereby certify that on this 20th day of July, 2007, a copy of "Defendant's Reply to Plaintiff's Response to Defendant's Motion To Dismiss, Or In The Alternative, For Summary Judgment" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie A. Dunsmore
Carrie A. Dunsmore