# In the United States Court of Federal Claims

No. 07-145C

(Filed: August 2, 2007)

******************************************* *
*
STOUT ROAD ASSOCIATES, INC., *
t/a HILTON PHILADELPHIA CITY AVENUE, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
******************************************* *

SCHEDULING ORDER

This case is before the Court on Defendant's June 6, 2007 motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment under Rule 56. The issue presented in Defendant's motion is whether agency representatives at the Defense Supply Center, Richmond possessed actual authority to bind the United States to a contract with Plaintiff, and whether someone with authority may have approved or ratified the transaction on behalf of the agency. The Court received Plaintiff's response to Defendant's motion on July 6, 2007, and Defendant's reply on July 20, 2007. Attached to Defendant's motion and to Plaintiff's response are certain exhibits, which constitute "matters outside the pleadings" under Rule 12(b) of this Court's rules.

Where such outside matters are presented and not excluded by the Court, Rule 12(b) requires the Court to treat a Rule 12(b)(6) motion to dismiss as a motion for summary judgment under Rule 56. In such cases, "all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by [Rule] 56." See Rule 12(b).

To satisfy the above requirement of Rule 12(b), and to afford Plaintiff "reasonable opportunity to present all material" regarding the issues of authority, the Court will authorize Plaintiff to conduct discovery and to respond further to Defendant's motion as follows:

1. Plaintiff shall have 60 days, to and including October 1, 2007, to serve interrogatories, request production of documents, or to take depositions in accordance

with the Court's rules, relating to the issues of actual authority, approval, or ratification, presented by Defendant's motion.

2. Upon completion of discovery, Plaintiff shall file a response to Defendant's motion, now treated as a motion for summary judgment, on or before October 29, 2007.

3. Defendant may file a reply to Plaintiff's response on or before November 13, 2007.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge