**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOUT ROAD ASSOCIATES, INC. t/a HILTON PHILADELPHIA CITY AVENUE<br><br>Plaintiff,<br><br>v.<br><br>DEFENSE SUPPLY CENTER RICHMOND a/k/a DLA (Defense Logistics Agency) RICHMOND<br><br>Defendant. | No. 07-145C<br>(Judge Wheeler) |

**<u>REPLY OF PLAINTIFF STOUT ROAD ASSOCIATES, INC.</u>**

By Order of this Court dated January 8, 2008, Plaintiff Stout Road Associates, Inc. t/a Hilton Philadelphia City Avenue was given the right to file a reply in the concurrent cross-motions for summary judgment. Stout Road will rest on its prior briefs, other than to note for this Court that the attempt by the United States to limit the holding of <u>H. Landau & Company v. United States</u>, 886 F.2d. 322 (Fed.Cir. 1989) and its progeny is, to put it mildly, strained. Moreover, the statement on page 14 of the Government's brief that: "Moreover, there an be no question that entering into contracts binding the Government for the cost of hotel rooms is far from Ms. Rutkowski's "day to day responsibility" as a Quality Assurance Specialist intern", demonstrates how far off the mark the Government is.

Plaintiff <u>never</u> suggested that it was Donna Rutkowski's day-to-day responsibility to "bind the Government for the cost of hotel rooms." Rather, it was within the responsibility of Rutkowski **and all other persons in the intern program** to make their own hotel reservations for training functions. This included the authority to make block reservations for an entire training group, which is precisely what happened in this case and numerous others. As the Government admitted at its depositions, when government employees made hotel reservations, the Government subjected itself to the cancellation policy of the hotels at which reservations were made. In this case, after being asked to make block reservations (and not for the first time) Donna Rutkowski actually went to the head of the intern program

and informed her exactly what she planned to do. She was not told that this was a violation of Government policy. The reason for this is that it was, in fact, not contrary to Government policy to make block reservations and subject the Government to a possible cancellation penalty. That is why it was a "second thought" defense that Ms. Rutkowski lacked authority - - the first instinct of the Government was to ask about possible mitigation.

When the record in this case is reviewed in its entirety, it is clear that Ms. Rutkowski and each of the defense supply center intern locations had **actual** authority and responsibility to make their own hotel reservations for training sessions at remote locations. In this case, the system may have broken down, but having granted employees of the Defense Supply Center Richmond the authority to make their own remote hotel reservations, the doctrine of implied actual authority mandates that judgment be entered in favor of Plaintiff since the consequences of that reservation are deemed to be equally authorized. The Government admits that the contract at issue was signed by its employee and thus, there are no issues of fact which are disputed.[1]

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date: January 28, 2008

BY: /s/ Jonathan J. Bart

Daniel S. Bernheim, 3d, Esquire
Jonathan J. Bart, Esquire
Attorneys for Plaintiff

[1] As a last note, to this date, the Government has not been able to identify **any** contracting officer responsible for this task - - indeed, none of the Government witnesses had any idea of the name of a contracting officer who would have been responsible for such a duty if it existed. In fact, no such duty existed because the employees had the authority to make reservations for their training group.